

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/31/2008

| | | |
|---|---|---|
| IN RE: | § | |
| MARVIN E. MOYE; dba JMW AUTO | § | CASE NO: 07-37770 |
| SALES, LTD; dba JMW AUTO SALES, LLC; | § | |
| dba JMW GROUP INVESTMENTS, LTD.; | § | |
| dba JMW AUTO TRANSPORT, LLC; dba | § | |
| JMW AUTO SALES; dba JMW RETAIL | § | |
| AUTO SALES, LTD., *et al* | § | |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| MRB MANAGEMENT, L.L.C., *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 08-3119 |
| | § | |
| MARVIN E. MOYE, *et al* | § | |
|     Defendant(s) | § | |

## ORDER DENYING MOTION TO DISMISS,
### (doc # 19)
### ALLOWING PLAINTIFFS A FINAL OPPORTUNITY TO AMEND,
### ALLOWING DEFENDANTS TO FILE FINAL MOTIONS PRIOR TO ANSWER,
### AND VACATING DEADLINES AND TRIAL DATE SET IN SCHEDULING ORDER
### (doc # 13)

      On June 30, 2008, Plaintiffs amended their complaint (as the Court had ordered them to do) to combine the relief requested in adversary proceeding 08-3119 with the relief requested in adversary proceeding 08-3120.[1]  Defendants filed a motion to dismiss, alleging (i) failure to state a claim on which relief can be granted, (ii) failure to plead fraud with particularity, (iii) lack of standing, and (iv) "failure to relate back".

      The Court has spent an inordinate amount of time reading a very, very vague complaint, an exceptionally lengthy motion to dismiss, and exceptionally lengthy memoranda.  After literally two days trying to read the complaint, the Court now understands why the motion to dismiss is so rambling.  The Court has reconsidered its denial of prior motions to dismiss, gives Plaintiffs one final opportunity to amend, and will allow Defendants to file motions to dismiss after the filing of the amended complaint if Plaintiffs' final amendment is not adequate to state a claim by parties entitled to file a claim.

---

[1] In adversary proceeding 08-3119 Plaintiffs asked the Court to determine that its alleged claims against Debtors were not dischargeable in bankruptcy.  In adversary proceeding 08-3120, Plaintiffs asked the Court to determine that none of Debtors debts were dischargeable, regardless of who the creditor was.  The Court required combination of the adversary proceedings for efficiency and economy.

## I.  THE AMENDED COMPLAINT[2]

The preamble to the complaint states that the Plaintiffs are MRB Management, L.L.C. ("MRB") "individually and on behalf of" a number of parties ("Represented Parties").  It is not clear whether the Represented Parties intend to be joined individually as Plaintiffs or whether they merely claim a right to recover through MRB.  And it is not clear whether the ambiguity results from poor drafting of the complaint or from the parties' failure to define their legal rights and obligations *inter se* clearly.

The Court believes that the complaint alleges the following:[3]  Defendants' business was selling used cars and trucks on credit.  The credit portion of the purchase price was evidenced by a note and security interest in the vehicle.  About 2003, Defendants began to engage in a Ponzi scheme in which the notes receivable were sold to "investors".  Notwithstanding the sale, Defendants made collections on the notes and guaranteed the payment of the notes.  When customers defaulted, Defendants substituted new notes for the defaulted notes or paid the requisite payments to the "investors" out of other funds over which Defendants had control.  Defendants committed fraud by falsely representing that the transactions complied with Texas law, by representing (with knowledge that the representation was false) that Defendants would collect the notes and remit the proceeds to the investors, by wrongfully retaining some collections,[4] and by selling the same notes more than once and reselling vehicles that Defendants repossessed on investors behalf, but without paying the investors the resale proceeds for the repossessed vehicle.[5]  Defendants were fiduciaries for the investors to collect the notes and were guilty of defalcation while acting in a fiduciary capacity, embezzlement, or larceny.[6]  Defendants actions in selling the notes under false pretenses and in committing fraud while collecting the notes constitutes willful and malicious injury to their property.[7]  Defendants concealed or failed to keep the kind of records that would allow adequate reconstruction of the transactions of their business.[8]  Defendants made false oaths in this bankruptcy case by filing schedules "replete with errors", and have withheld information from the trustee.[9]  Defendants have failed to explain the loss of assets.[10]  Count 7 is a rehash of previous allegations and is ignored as a separate ground for denial of discharge.

## II.  LACK OF STANDING

The essence of the complaint is that Defendants defrauded Plaintiffs and improperly took Plaintiffs money.  But it is not clear from the complaint whether the Represented Parties

---

[2] Docket # 15, referred to in this decision simply as the complaint.
[3] For simplicity, the Court will not repeat the word "alleges" in every sentence.  All of these statements are attempts to summarize the allegations in the complaint.  The Court does not assume the truth of any of the averments.
[4] Paragraphs 28 through 34.
[5] Paragraphs 16 through 20.
[6] Paragraphs 35 through 38.
[7] Paragraphs 39 through 42.
[8] Paragraphs 43 through 47.
[9] Paragraphs 48 through 54.
[10] Paragraphs 55 through 59.

purchased "pools" directly from Defendants (and assigned those interests to MRB for administration of their interests) or whether the Represented Parties purchased interests in "pools" created by MRB. If the former, then the *Sprint* case (discussed below) holds that MRB cannot bring suit against Defendants because the Represented Parties have not assigned their contract rights "lock, stock, and barrel" to MRB. If the latter, then the failure to state a claim on which relief can be granted would probably be valid as to the Represented Parties, because the Represented Parties claim (if any) would probably be against MRB, not against Defendants.

A.   With Whom Did the Represented Parties Deal?

Paragraph 9 of the complaint states that MRB "and/or" [11] the Represented Parties purchased "pools" of notes. If the Represented Parties purchased interests in "pools" of notes from Defendants, or if in some other way Defendants are liable directly to the Represented Parties, then the Court should not grant the motion to dismiss for failure to state a claim as to the Represented Parties. But if the Represented Parties dealt only with MRB, then the Court probably should grant the motion to dismiss. The complaint is ambiguous.

B.   Inability to Bring Suit as Agent

Paragraph 13 states that the Participation Agreement(s) had the following salient provisions. MRB "held" the retail installment sales contracts "for the benefit of" the Represented Parties. MRB received payments from Defendants, kept some of the money for itself, and remitted the remainder to the Represented Parties. The complaint does not specify how the payment to Represented Parties was calculated.[12]

1.   *Sprint Communications Co. L.P. v. APCC Services, Inc.*, 128 S.Ct. 2531 (2008)

In *Sprint Communications* the Supreme Court held that an assignee of a claim could bring an action to enforce the claim, even though the assignee was contractually bound to remit all proceeds to the assignor. In that case, payphone operators had assigned all of their right, title, and interest in the claims to aggregators, had appointed the aggregator as the operator's attorney-in-fact, provided that the aggregator would litigate in the operator's interest, and provided that

---

[11] Paragraph 9 is ambiguous. It states that MRB "and/or Plaintiffs" purchased some of the notes. There are two ambiguities in that statement. First, the definition of "Plaintiffs" in paragraph 2 includes MRB. So Paragraph 9 is redundant. Second, the "and/or" seems to be thoughtless legal gobbledygook. Presumably the Represented Parties know whether they individually entered into any contracts with Defendants. The point is important for purposes of defining the real party in interest. Did MRB purchase the rights from Defendants and then sell "participations" to the Represented Parties or did the Represented Parties make purchases from the Defendants and then assign their rights to MRB? Or did the Represented Parties purchase some interests from Defendants and some from MRB?

[12] Paragraph 13 of the complaint states that the interest of Represented Parties in the Participation Agreement(s) was defined as a "Participation" which is further " … defined as "a percentage ownership interest in the [retail sales installment contracts] equal to the amount of Principal divided by the total amount of all of the [retail sales installment contracts]". Frankly, that doesn't make sense to the Court. But more important, the distributions from MRB to Represented Parties is explained as follows: " … MRB made a payment to the Participants, representing <u>some return of principal</u> paid by the Participant <u>and a fixed interest rate</u>, generally lower than the interest rate being generated by the pool as a whole. MRB would retain, <u>at a minimum</u>, any interest paid by JMW in excess of the fixed interest rate contained in the Participation Agreement." [Emphasis supplied.]

the agreement could not be revoked without the written consent of the aggregator.[13] The essential element that gave the aggregator the right to assert the claim was the absolute assignment of the claim. The Court said " … the payphone operators assigned their claims to the aggregators lock, stock, and barrel."[14] Appointing the aggregator as agent to enforce the rights of the payphone operators apparently would not have been enough.

    2.    That does not seem to be the case with MRB.

The complaint alleges[15] that

> MRB shall hold the [retail installment sales contracts] (and all collateral relating to the [retail installment sales contracts]), as agent for the [participants in the agreement], for the benefit of the [participants in the agreement]," subject to a right of termination. None of the Participants have effected a termination of the Participation Agreements to date. The Participation Agreements further provide that at the Participants' reasonable request, "MRB shall take legal action to enforce or protect the [participant's] interest" with respect to the retail installment sales contracts. The Participants have requested that MRB take legal action to enforce or protect their interests in this bankruptcy proceeding, including, but not limited to, bringing this action.

That is not the absolute assignment that was critical to standing and classification as a real party in interest in *Sprint*.

Therefore, Defendant's motion to dismiss is valid with respect to the capacity of MRB to bring the complaint in the name of the Represented Parties, to the extent that the Represented Parties purchased "pools" from Defendants and assigned them to MRB as agent. But the complaint is vague about whether the Represented Parties purchased some interests directly from the Defendants and the complaint is vague about whether the Represented Parties intended to be parties to the proceeding. Therefore, Plaintiffs will be allowed to amend.

### III.   REMAINDER OF ISSUES

Plaintiffs must file an amended complaint by November 14, 2008. Defendant must either file an answer or a renewed motion to dismiss by December 5, 2008.

---

[13] "Each payphone operator signed an Assignment and Power of Attorney Agreement (Agreement) in which the payphone operator "assigns, transfers and sets over to [the aggregator] for purposes of collection all rights, title and interest of the [payphone operator] in the [payphone operator's] claims, demands or causes of action for 'Dial-Around Compensation' ... due the [payphone operator] for periods since October 1, 1997." App. to Pet. for Cert. 114a. The Agreement also "appoints" the aggregator as the payphone operator's "true and lawful attorney-in-fact." *Ibid*. The Agreement provides that the aggregator will litigate "in the [payphone operator's] interest." *Id*., at 115a. And the Agreement further stipulates that the assignment of the claims "may not be revoked without the written consent of the [aggregator]." *Ibid*. The aggregator and payphone operator then separately agreed that the aggregator would remit all proceeds to the payphone operator and that the payphone operator would pay the aggregator for its services (typically via a quarterly charge)." *Id*. at 2534.

[14] *Id*. at 2542.

[15] Paragraph 14.

Paragraphs 6 through 12 of the scheduling order (docket # 13) are vacated.  The Court will hold a pretrial conference on this matter on January 15, 2009, at 9:30 AM.

SIGNED 10/31/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge