

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/05/2010

| | | |
|---|---|---|
| IN RE: § | | |
| MARVIN E. MOYE; dba JMW AUTO § | CASE NO: 07-37770 | |
| SALES, LTD; dba JMW AUTO SALES, LLC; § | | |
| dba JMW GROUP INVESTMENTS, LTD.; § | | |
| dba JMW AUTO TRANSPORT, LLC; dba § | | |
| JMW AUTO SALES; dba JMW RETAIL § | | |
| AUTO SALES, LTD., *et al* § | | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| MRB MANAGEMENT, L.L.C., *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 08-3119 | |
| § | | |
| MARVIN E. MOYE, *et al* § | | |
| Defendant(s) § | | |

**MEMORANDUM OPINION FINDINGS OF FACT AND CONCLUSIONS OF LAW**

About one week after creditors filed an involuntary bankruptcy petition against their used car business, Marvin and Joan Moye ("Debtors") filed a voluntary bankruptcy petition that eventually led to the trial in this adversary proceeding on February 2 for determination of whether Debtors' discharge should be denied.  After trial, the Court concludes (i) that Debtors (without adequate justification) have concealed or failed to keep or preserve recorded information from which their financial condition or business transactions might be ascertained, (ii) that Debtor Marvin Moye made a false oath or account, and (iii) that Debtors failed to explain satisfactorily the loss of assets or deficiency of assets to meet the Debtors' indebtedness.  Therefore, by separate judgment issued this date, Debtors' discharge is denied.

### I.     FACTS

On October 31, 2007, MRB Management, L.L.C., Richard Wallach, and Michael Broder filed an involuntary bankruptcy proceeding against JMW Auto Sales commencing a case under chapter 7 of the Bankruptcy Code.  The petitioning creditors requested appointment of an interim trustee, alleging that Debtors were "reselling" collateral.  On November 6, 2007, Marvin and Joan Moye filed a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code.

Although Debtor operated several used car lots under names that appeared to be separate legal entities, it was not clear at the commencement of these cases whether those operations were separate legal entities or whether they were trade names of a sole proprietorship.  In their voluntary petition, Debtors' listed six entity names under which they did business.  The names

were all similar to each other.  By agreed order dated November 9 in the involuntary bankruptcy case, Debtors stated that it was their intention to treat their own assets and liabilities and those of the businesses as commingled and inseparable.  Testimony at the trial of this adversary proceeding showed that Debtors withdrew funds from the businesses and operated the businesses without legal formalities, and apparently commingled assets.  Debtors requested authority to file only one set of schedules and statement of financial affairs in their individual, voluntary bankruptcy case, rather than filing separate schedules under different business names.  Although the bankruptcy cases have never been substantively consolidated, all of the "separate" entities appear to be fictions.

There are several items of significance to be noted in Debtors bankruptcy schedules and statement of financial affairs:

1. Schedule B lists 9 separate bank accounts in 4 different banks.
2. Schedule B does not list "prepayments" of mortgage and other living expenses.
3. Schedule I states that Debtors have no current or projected income;
4. Schedule J states that Debtors have monthly living expenses of almost $9,000 per month.
5. The statement of financial affairs shows 2005 and 2006 income of almost $6 million and substantially greater 2007 revenues and gross income.  (Net income is not given for 2007.)
6. Notwithstanding this truly extraordinary income, Debtor's schedules show assets of only slightly more than $1,000,000 and Debts exceeding $2.5 million.

Debtor testified that he turned over all financial records to the chapter 7 trustee.  But the trustee reported that he received no documentation regarding 4 bank accounts.  When Plaintiff asked for documentation regarding the accounts, Debtor would respond only that Plaintiff should consult the trustee.  When asked in interrogatories to explain the loss of assets, Debtor also declined to answer and referred the creditor to the trustee.

Debtor testified that immediately subsequent to the filing of the bankruptcy case he was able to continue living in his residence and was able to meet other costs of living because he had "prepaid" the expenses prior to bankruptcy.  As noted, the bankruptcy schedules reflected no prepayments.  In addition, the bankruptcy schedules disclose no transfers immediately prior to bankruptcy that would provide further information.  Debtor testified that he earned income post-bankruptcy by selling cars, but his testimony was vague and elusive.  In any event, in response to the question on Bankruptcy Schedule I, Debtor reported that he had no expectations for income in the near future.

Debtor testified that he built his used car sales business over 20 years from a $10,000 start to a huge business.  Although he blamed dishonest employees for some losses, the explanation was far from adequate to explain the loss of assets to satisfy creditors of a magnitude commensurate with Debtor's testimony about the size of this business.

Debtor testified that his ultimate financial demise was caused by the filing of the involuntary petition, and Debtor's testimony ignored the fact that he had filed a voluntary

petition.  Debtor testified that prior to the filing of the involuntary petition he had a solution for his financial problems.  The Court finds that testimony to be not credible.  Debtor filed a chapter 7 petition, not a chapter 11 petition.  Debtor did not even suggest the possibility of reorganization in bankruptcy or try to propose a solution.  Debtor frequently asserted that he was unschooled in bankruptcy and was just following the orders of his previous attorney, the trustee, and others; it was all someone else' fault.  The testimony was not convincing.

The Trustee testified that Debtors' business was a Ponzi scheme.  Debtor testified that it was not.  The Court finds the Trustee's testimony more credible.[1]

In Adversary Proceeding 08-3288, the Court found that Debtor transferred property of the estate with the intent to hinder, delay, or defraud the trustee and creditors.  *See*, Adversary Proceeding 08-3288, docket # 34.  And in connection with the trial of that matter, the Court found that Debtor had made a false statement and oath in connection with the case.

## II.    CONCLUSIONS OF LAW

Bankruptcy Code § 727(a)(3), (4), (5), and (7) provide:

> (3)  the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>
> (4)  the debtor knowingly and fraudulently, in or in connection with the case—
>
>> **(A)** made a false oath or account;
>>
>> **(B)** presented or used a false claim;
>>
>> **(C)** gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>>
>> **(D)** withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>
> (5)  the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

---

[1] In addition to the testimony at the hearing of this matter, s*ee* Case number 07-37770 docket # 348, Plaintiff's Exhibit 18.

(7)  the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

11 U.S.C. 727(a)(3), (4), (5), and (7).

### III.     CONCLUSION

The Court finds:

1. That Debtors failed to keep and to preserve recorded information, including (without limitation) bank account records and information potentially relating to transfers of assets pre-bankruptcy from which the debtor's financial condition or business transactions might be ascertained and the Court concludes that such act or failure to act was justified under all of the circumstances of the case;

2. That Debtor Marvin Moye made a false oath or account in the case in particular in connection with:

    a. An Agreed Judgment and testimony regarding a prepetition transfer as found in Adversary Proceeding 08-3288;
    b. Failure to disclose pre-petition "prepayments" of the mortgage payments on his residence;
    c. False disclosures about income in Schedule I;

3. That Debtors failed to explain satisfactorily the loss of assets or deficiency of asssets to meet Debtor's liabilities.

Therefore, by separate judgment issued this date, Debtors discharge is denied.

SIGNED 02/04/2010.

_____
Wesley W. Steen
United States Bankruptcy Judge